SCHROTH & SCHROTH
ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
2044 First Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 233-7521
Facsimile:  (619) 233-4516

Attorney for Material Witnesses, Oscar Armando Gonzales-Lorenzana, Jesus Tovar-Venegas, and Vanessa Mavel-Martinez.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Peter C. Lewis)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REYNALDO SANCHEZ-DIAZ,<br><br>Defendant. | ) Criminal Case No.:<br>) Magistrate Case No.:   08MJ8081<br>)<br>) **POINTS AND AUTHORITIES IN**<br>) **SUPPORT OF MATERIAL WITNESSES**<br>) **MOTION FOR VIDEOTAPE**<br>) **DEPOSITION AND REQUEST FOR**<br>) **STATEMENT OF REASONS IN**<br>) **SUPPORT OF CUSTODY**<br>)<br>) Date:    February 27, 2008<br>) Time:    10:30 am<br>) Judge:   Hon. Peter C. Lewis |

TO  UNITED  STATES  ATTORNEY  KAREN  HEWITT,  ASSISTANT  UNITED STATES  ATTORNEY  JOHN  F.  WIES;  TO  ATTORNEY  JOHN  ELLIS  FOR REYNALDO SANCHEZ-DIAZ (1).  ATTORNEY DANIEL CASILLAS FOR MICHAEL BESS-AMARILLAS (2).  ATTORNEY SIRI SHETTY FOR ERIK MEDELLIN-LOPEZ (3).   ATTORNEY  IRA  LEE  PLUMMER  FOR  FORTINO  AVILA-CANCHOLA  (4). ATTORNEY MICHAEL LITTMAN FOR ALFREDO GARCIA-ORTEGA (5);

Material Witnesses, Oscar Armando Gonzales-Lorenzana, Jesus Tovar-Venegas, and Vanessa Mavel-Martinez**,** (hereafter "Material Witnesses") by and through their counsel, Robert

- 1 -

1 E. Schroth Jr., submit the following Memorandum of Points and Authorities in support of their

2 motion to take the videotaped depositions.

3

4

5 **I.**

6 **INTRODUCTION**

7

8 On or about January 26, 2008, the Material Witnesses were detained by U.S. Border

9 Patrol Agents near Calexico, California in connection with the arrest of the above captioned

10 Defendants.  The defendants have been charged with illegally bringing in undocumented aliens

11 in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and the Material Witnesses, who were with the

12 defendants at the time of their arrest, have been detained as Material Witnesses under 8 U.S.C. §

13 1227 (d).

14 The Material Witnesses are currently being held at the ICJ detention facility in El

15 Centro, California.  On February 5, 2008, the attorney for the material witnesses was informed

16 by the material witnesses that they knew of no one in this country that could post a bond for

17 them to allow for their release from custody during the pendency of this case, and confirmed

18 that Oscar Gonzalez-Lorenzana and Vanessa Mavel-Martinez are citizens of El Salvador and

19 not eligible for an immigration bond.  In addition Jesus Tovar-Venegas is a Mexican citizen but

20 has no one in the United States available to post a bond for him.  Their Attorney confirmed this

21 with El Centro Border Patrol on February 5, 2008.

22

23

24

25

26

27

28

- 2 -

1    It is unnecessary to keep the Material Witnesses in the United States because their

2  testimony can be preserved through the use of a videotaped deposition.[1]  The Material

3  Witnesses therefore request a court order that their testimony be preserved through the use of

4

5  videotape depositions and, thereafter, that they be allowed to return to their families in El

6  Salvador and Mexico.

7

8

9                                               **II.**

10  **THE TESTIMONY OF THE MATERIAL WITNESS CAN BE SECURED BY VIDEOTAPE DEPOSITION AND THERE IS NO COMPELLING REASON TO KEEP THEM IN CUSTODY**

11

12  Title 18, section 3144 of the United States Code Provides:

13          No Material Witness may be detained . . . if the testimony of such witness can
14          adequately be secured by deposition, and if further detention is not necessary to prevent
           a failure of justice.
15

16    The deposition of the Material Witness may be used at trial in criminal cases, so it is

17  only in *exceptional circumstances,* where the interests of justice will be denied, that a videotape

18  deposition is not appropriate.  See**,** <u>Torres-Ruiz v. United States</u> 120 F.3d 933 (9th Cir. 1997)

19
20  [citing <u>Aguilar Ayala v. Ruiz</u> 973 F.2d 411, 413 (5th Cir. 1992) <u>see</u> <u>also</u> 8 U.S.C. § 1324 (d),

21  Federal Rules of Evidence 804, and Federal Rules of Criminal Procedure 15.  Defendants may

22  be present at the videotape deposition and therefore have a full and fair opportunity to cross-

23  examine the witnesses.  The videotape provides sufficient indicia of reliability to afford the trier

24

25

26

27  [1] While a witness may be detained for a reasonable period of time, the court must vigilantly guard an
   undocumented alien's "overriding liberty interest" and schedule a videotape deposition at the earliest possible time.
28  <u>See</u>, <u>Aguilar-Ayala v. Ruiz</u> 973 F. 2d 411, 419 (5th Cir. 1992).

POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEPOSITION

<u>U. S.  v.  Sanchez-Diaz</u>

1    of fact a satisfactory basis for evaluating the truth of a statement.  <u>Dutton v. Evans,</u> 400 U.S. 74,

2    89 (1970).

3        The government or defendant can effectuate the detention of the material witness upon a

4    showing that (1) the material witness will, in all likelihood, be unavailable to testify for trial,

5    and (2) that the use of deposition testimony will deny the defendant a fair trial and that live

6    testimony would somehow be significantly different.  See, <u>Aguilar-Ayala v. Ruiz</u> 973 F.2d at

7    413 (5th Cir. 1992), <u>United States v. Humberto Rivera</u> 859 F.2d 1204, 1208 (4th Cir. 1988).

8    That would be a difficult burden in this case, however, because the Material Witnesses have

9

10   indicated that they are willing to return for trial if the government makes arrangements for their

11   legal re-entry into the country and provides travel expenses. [2]  (Schroth Decl. At para. 6).

12

13       The Material Witnesses should not be detained because their testimony can be

14   adequately secured by depositions.  This is a very routine alien smuggling case.  Based on

15   interviews with the Material Witnesses and the report submitted by the arresting agency, the

16   facts to which the Material Witnesses are competent to testify are straightforward.  (Schroth

17   Decl. At para. 5).

18       Moreover, neither the Material Witnesses nor their counsel, have been informed that the

19   witnesses' detention is necessary to prevent a failure of justice.  (Schroth Decl. At para. 4).

20   Quite to the contrary, the witnesses have already spent a considerable time in jail, nearly one

21   month to the date of this motion is to be heard, and it is very important that they be released as

22   soon as possible so that they may be reunited with their families in El Salvador and Mexico who

23

24   depend on them for their support.  (Schroth Decl. At para. 2 and 4.).  Oscar Gonzalez-Lorenzana

25

26

27   _____

28   [2] The government would undoubtedly take reasonable steps in this case, as it has in other similar cases, to secure the witness's testimony at trial by personally subpoenaing the witness, providing travel costs, and arranging for legal re-entry of the alien.  (See, <u>United States v. Eufracio-Torris</u> 890 F.2d 266, 270 (10th Cir. 1989) cert. Denied 494 U.S. 1008 (1990) [government need not guarantee the witness will be available, only that they use food-faith efforts to secure their presence at trial]; <u>see also, Ohio v. Roberts,</u> 448 U.S. 56, 65 (1980) [so long as the government uses reasonable measures to secure a witness at trial, a deposition is admissible over a defendant's Confrontation Clause and hearsay objections].

POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEPOSITION

<u>U. S.  v.  Sanchez-Diaz</u>

supports his three children in El Salvador, who are 11, 9, and 6 years old, and it is imperative that he returns and sees to their welfare.  Vanessa Mavel-Martinez supports her mother in El Salvador who is in dire need of a gallbladder operation as well as the requisite care provided by her daughter.  Jesus Tovar-Venegas also supports his sister and her two children in his home country of Mexico, and his absence from the family will result in negative consequences.  It is the policy of the U.S. Border Patrol, El Centro sector <u>not</u> to release any non-Mexican Material Witnesses on immigration bonds.  Therefore even if the Material Witnesses were able to post a court bond, they would remain in custody (Schroth Decl. At para.3).  Prior to filing this motion council contacted Defenses Attorney & requested that Defendant stipulate to the videotaped deposition council received no response.

For these reasons, the Material Witnesses request that the court immediately order the taking of their videotaped depositions and that they thereafter be immediately returned to their countries of origin.

### III.

**IF THE COURT DENIES THE MATERIAL WITNESS' REQUEST TO TAKE THEIR VIDEOTAPE DEPOSITION, THEY REQUEST THAT THE GOVERNMENT PROVIDE THEM WITH A STATEMENT OF REASONS WHY THEY SHOULD HAVE TO REMAIN IN CUSTODY**

Where a witness has been held in custody for more than 10 days, the government has an obligation to prepare a biweekly report stating the reasons why such a witness should not be released with or without the taking of a deposition.  Fed. Rules Crim. Proc., Rule 46 (g).

The Material Witnesses are not aware of any reasons why they should remain in custody, but to the extent the government knows of any such reason, they hereby request that the government provide them with a copy of a biweekly written report indicating these reasons.

POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEPOSITION

<u>U. S.  v.  Sanchez-Diaz</u>

**IV.**

**CONCLUSION**

For the forgoing reasons, the Material Witnesses respectfully request that this motion for the taking of videotaped depositions be granted.  In the alternative, the Witnesses request that they immediately be provided with a statement of the reasons why they need to remain in custody.

DATED:  February 6, 2008                          **SCHROTH & SCHROTH**


By:___s/ Robert E. Schroth JR_____
ROBERT E. SCHROTH, JR,
Attorney for Material Witness

- 6 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28